CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD
COMPANY, Appellant, vs. RAILROAD COMMISSION OF
WISCONSIN and another, Respondents.

*April 1—June 24, 1929.*

For the appellant there was a brief by *J. N. Davis* of Chicago and *Sanborn, Blake & Aberg* of Madison, and oral argument by *John B. Sanborn.*

For the respondents there was a brief by *Olin & Butler* of Madison, attorneys for the Stange Lumber Company, the *Attorney General* and *Suel O. Arnold,* assistant attorney general, attorneys for the Railroad Commission, and *H. L. Butler* and *R. M. Rieser,* both of Madison, of counsel, and oral argument by *Mr. Rieser.*

The following opinion was filed April 30, 1929:

ROSENBERRY, C. J.    The plaintiff claims that the track in question is an extension of plaintiff's line of railroad within the meaning of paragraph 18 of section 1 of the Interstate Commerce Act as amended February 28, 1920, and not a spur track within the meaning of paragraph 22 of the same section, and for that reason the Wisconsin Railroad Commission had no jurisdiction to order the plaintiff to make an extension.   Sec. 195.16 (1), Stats., provides:

"Every railroad shall acquire the necessary rights of way for, and shall construct, connect, maintain, and operate a reasonably adequate and suitable spur track, whenever such

spur track does not necessarily exceed three miles in length, is practically indispensable to the successful operation of any existing or proposed mill, elevator, storehouse, warehouse, dock, wharf, pier, manufacturing establishment, lumber yard, coal dock, agricultural enterprise, or other industry or enterprise, and its construction and operation is not usually unsafe and dangerous, and is not unreasonably harmful to public interest."

The commission found that "the proposed spur track does not necessarily exceed three miles in length, is practically indispensable to the successful operation of the petitioner's lumber industry, and that its construction and operation will not be usually unsafe and dangerous, nor unreasonably harmful to the public interest."

The commission then ordered that the plaintiff, "upon the delivery to it by the said Stange Lumber Company of a proper right-of-way easement and conveyance of the said track heretofore constructed by said Stange Lumber Company north of Knudson, assume control of, properly repair, and operate such track as a spur track, provided, that the applicant shall bear the legitimate cost, if any, of placing said track in suitable repair for operation as a spur track and give to the respondent suitable surety for the payment thereof."

What in effect happened in this case was that the plaintiff company was required to take over not to exceed three miles of the Stange Lumber Company's logging railway and repair it and thereafter operate it, and so relieve the Stange Lumber Company of the expense of its operation, which according to the testimony would amount to $8,000 to $10,000 per year. Whether the proposed additional three miles be considered an extension or a spur, it is quite apparent that the situation which existed in this case is not one contemplated by the provisions of sec. 195.16 (1). How it can be said that compliance with the order is indispensable to the suc-

cessful operation of the Stange Lumber Company logging operations, when it appears from the case that they have been successfully carried on for a number of years, is not apparent to us. The sole effect of the order here is to charge upon the plaintiff company an operating charge and duty of repairing and maintaining three miles of the Stange Lumber Company's tracks already in successful operation.

The situation dealt with in this case and the situation dealt with in *Menasha Woodenware Co. v. Railroad Comm.* 167 Wis. 19, 166 N. W. 435, are widely different. In that case the industry had no outlet for its timber unless the Chicago & Northwestern Railway Company should condemn a right of way through the lands of the Menasha Woodenware Company, which owned more than a third of the stock of the Wisconsin & Northern Railroad Company, a competitor of the Chicago & Northwestern Railway Company. The Wisconsin & Northern Railroad Company sought to defeat the construction of the spur by the Chicago & Northwestern Railway Company and so to compel the Oconto Lumber Company, the industry in question, to ship to Shawano over lines of the Wisconsin & Northern Railroad Company and thence to Oconto over lines of the Chicago & Northwestern Railway Company, in which case the tariff rate would have amounted to 3.2 cents per hundred pounds, whereas if the spur were constructed the freight rate on the same material would be 1.6 cents per hundred pounds, making an additional charge of $2.10 on every thousand feet of logs shipped to Oconto. Under those circumstances the construction of the spur was held to be indispensable.

The situation here is that the industry has access to shipping facilities and merely seeks to have the carrier take over the operation and maintenance of a part of its logging road. In this case the element of indispensability is wholly wanting and the situation is one clearly not covered by sec. 195.16.

*By the Court.*—Judgment appealed from is reversed, and the cause remanded with directions to the circuit court to enter judgment vacating and setting aside the order of the Railroad Commission.

A motion for a rehearing was denied, without costs, on June 24, 1929.